Jeonghye Kim (SBN: 339395)
jane.kim@fohaslaw.com
**FOHAS LAW GROUP**
515 S. Flower St., 18th Floor
Los Angeles, California 90071
Tel. 213-705-3009

Attorney for Plaintiff, C&SM INTL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

C&SM INTL, a South Korean Corporation

Plaintiff,

v.

B.T.G., INC., a California Corporation; CHIC AND CURVY, LLC, a California Limited Liability Company; GITI ONLINE INC., a Florida Corporation; BONITA FASHIONS, INC., a Florida Corporation; GITI MIAMI LLC, a Florida Limited Liability Company; and DOES 1-10, inclusive,

Defendants.

Case No: 2:25-cv-2389

**PLAINTIFF'S COMPLAINT FOR:**

**1. COPYRIGHT INFRINGEMENT**
**2. VICARIOUS COPYRIGHT AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**

**Jury Trial Demanded**

Plaintiff C&SM INTL ("Plaintiff"), by and through its undersigned counsel, hereby prays to this honorable Court for relief and remedy based on the following:

**INTRODUCTION**

This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of the Defendants' unauthorized

reproduction/modification and sale of copyrighted fabric designs owned and registered by Plaintiff. Plaintiff is the exclusive owner of unique, two-dimensional, graphic artworks titled KAY22 and KAY3434C.

Plaintiff acquires ownership of the artworks by creating it or purchasing it from other designers and artists. Plaintiff spends a considerable amount of time and resources creating and obtaining high quality, marketable, and aesthetically appealing designs. Plaintiff prints the artworks onto fabric which it then widely sells and disseminates to the apparel industry, for generating profits. It is necessary for the Plaintiff to widely disseminate samples of fabrics to the prospective customer, potentially including DOE defendants, to receive purchase orders from them. When distributing those samples, potential buyers agree not to reproduce, modify, or seek another's reproduction of the artwork appearing on the samples because such reproduction or modification would significantly depreciate the value of Plaintiff's textile business, which has been hard-earned by investing considerable time and resources in acquiring exclusive ownership of the artworks.

Accordingly, Plaintiff seeks remedy and relief for the damages for direct, vicarious, and contributory copyright infringement arising out of Defendants' unauthorized reproduction and/or modification and sale of copyrighted fabric designs under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*
2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff C&SM INTL is a corporation organized and existing under the laws of South Korea with its principal place of business located in South Korea.
5. Plaintiff is informed and believes and thereon alleges that Defendant B.T.G., INC. ("BTG") is a California Corporation, with its principal place of business located at 154 W 23rd Street, Los Angeles, CA 90007.
6. Plaintiff is informed and believes and thereon alleges that Defendant CHIC AND CURVY, LLC ("CHIC") is a California Limited Liability Company, with its principal place of business located at 204 South Market Street, Inglewood, CA 90301.
7. Plaintiff is informed and believes and thereon alleges that Defendant GITI ONLINE INC. ("GITI") is a Florida Corporation, with its principal place of business located at 9315 NW 112 Avenue, Miami, FL 33178.
8. Plaintiff is informed and believes and thereon alleges that Defendant BONITA FASHIONS, INC. ("BONITA") is a Florida Corporation, with its principal place of business located at 9315 NW 112 Avenue, Miami, FL 33178.
9. Plaintiff is informed and believes and thereon alleges that Defendant GITI MIAMI LLC ("MIAMI") is a Florida Limited Liability Company, with its principal place of business located at 9315 NW 112 Avenue, Miami, FL 33178.
10. Plaintiff is informed and believes and thereon alleges that some of DOES 1 through 3 are manufacturers and/or vendors of garments supplied to Defendants. These DOE Defendants have manufactured and/or supplied, and continue to manufacture and/or supply, garments containing fabrics printed with Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's

knowledge or consent, or have otherwise contributed to the infringement. The true names and capacities of these DOE Defendants, whether corporate, individual, or otherwise, are presently unknown to Plaintiff, who therefore sues them under fictitious names and will seek leave to amend this Complaint to reflect their actual names and capacities when they are ascertained.

11. Plaintiff is informed and believes, and thereon alleges that DOES 4 through 10 are other parties not yet identified who have infringed Plaintiff's copyrights, contributed to the infringement, or engaged in other wrongful acts as alleged herein. The true names and capacities of these DOE Defendants, whether corporate, individual, or otherwise, are presently unknown to Plaintiff, who therefore sues them under fictitious names and will seek leave to amend this Complaint to reflect their actual names and capacities when they are ascertained.

12. Plaintiff is informed and believes, and thereon alleges that each DOE Defendant is responsible, in some manner, for the events alleged herein and for the damages resulting therefrom.

13. Plaintiff is informed and believes, and thereon alleges that at all relevant times, each Defendant acted in concert with the others and was an agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining Defendants. Each Defendant acted within the scope of such agency, affiliation, alter-ego relationship, and/or employment, and actively participated in, ratified, or adopted—either before or after the fact—the acts alleged herein, with full knowledge of all relevant facts and circumstances, including, without limitation, the violations of Plaintiff's rights and the damages caused thereby.

//

//

//

//

**CLAIMS RELATED TO DESIGN "KAY-22"**

14. Prior to the acts complained of herein, Plaintiff created all elements of an original two-dimensional artwork for fabric printing, titled KAY-22 (hereinafter, "Subject Design A"), which is attached hereto as **Exhibit A**.

15. Plaintiff is the exclusive owner and author of the originally created artwork titled KAY-22, which has been duly registered with the United States Copyright Office under Registration Number VA 2-036-391 (attached hereto as **Exhibit B**).

16. Prior to the acts complained herein, fabric bearing Subject Design A had been widely disseminated and sold to numerous entities in the fashion and apparel industries.

17. Plaintiff has never authorized Defendants to copy, reproduce, duplicate, distribute, disseminate, or create derivative works based on Subject Design A.

18. Following the distribution of Subject Design A, Plaintiff is informed and believes, and thereon alleges that BTG, CHIC, GITI, BONITA, MIAMI, DOE Defendants, and each of them, had access to Subject Design A through various means, including, but not limited to: (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Design A by third-party vendors and/or DOE Defendants, including, but not limited to, international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing Subject Design A.

19. Plaintiff is informed and believes and thereon alleges that BTG, CHIC, GITI, BONITA, MIAMI, certain DOE Defendants, and each of them created, manufactured, caused to be manufactured, imported, distributed, marketed, advertised, and/or sold fabric and/or garments comprised of fabric featuring a design incorporating a design that is identical or substantially similar to Subject

Design A ("Infringing Garment A"). The Infringing Garment A includes, but is not limited to, garments bearing Subject Design A, demarcated style number 26564 sold by online and/or offline stores of BTG, CHIC, GITI, BONITA, MIAMI with label "GOOD TIME U.S.A. LOS ANGELES" indicating such garments were manufactured and/or sold by or for BTG, CHIC, GITI, BONITA, MIAMI. An exemplar of Infringing Garment A is attached hereto as **Exhibit C**.

## CLAIMS RELATED TO DESIGN "KAY3434C"

20. Prior to the acts complained of herein, Plaintiff created all elements of an original two-dimensional artwork for fabric printing, titled KAY3434C (hereinafter, "Subject Design B"), which is attached hereto as **Exhibit D**.

21. Plaintiff is the exclusive owner and author of the originally created artwork titled KAY3434C, which has been duly registered with the United States Copyright Office under Registration Number VAu 1-330-720 (attached hereto as **Exhibit E**).

22. Prior to the acts complained herein, fabric bearing Subject Design B had been widely disseminated and sold to numerous entities in the fashion and apparel industries.

23. Plaintiff has never authorized Defendants to copy, reproduce, duplicate, distribute, disseminate, or create derivative works based on Subject Design B.

24. Following the distribution of Subject Design B, Plaintiff is informed and believes, and thereon alleges that BTG, CHIC, GITI, BONITA, MIAMI, DOE Defendants, and each of them, had access to Subject Design B through various means, including, but not limited to: (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Design B by third-party vendors and/or DOE Defendants, including, but not limited to, international and/or overseas converters and printing mills; (c) access to

Plaintiff's strike-offs and samples; and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing Subject Design B.

25. Plaintiff is informed and believes and thereon alleges that BTG, CHIC, GITI, BONITA, MIAMI, certain DOE Defendants, and each of them created, manufactured, caused to be manufactured, imported, distributed, marketed, advertised, and/or sold fabric and/or garments comprised of fabric featuring a design incorporating a design that is identical or substantially similar to Subject Design ("Infringing Garment B"). The Infringing Garment B includes, but is not limited to, garments bearing Subject Design B, demarcated style number 26201X sold by online and/or offline stores of BTG, CHIC, GITI, BONITA, MIAMI with label "GOOD TIME U.S.A. LOS ANGELES" indicating such garments were manufactured and/or sold by or for BTG, CHIC, GITI, BONITA, MIAMI. An exemplar of Infringing Garment B is attached hereto as **Exhibit F**.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against all Defendants, and Each)

26. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in preceding paragraphs of this Complaint.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed Subject Design A and Subject Design B through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or unauthorized reproductions in the possession of other vendors and/or DOE Defendants; and (c) access to Plaintiff's strike-offs, swatches, paper CADs and samples.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, marketing,

advertising, making, and/or developing directly infringing and/or derivative works from Subject Design A and Subject Design B and by importing, producing, distributing and/or selling infringing garments through a nationwide network of retail stores, catalogues, and online websites.

29. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

30. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

31. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Subject Design in an amount to be established at trial.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged above with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement. Within the time permitted by law, Plaintiff will make its selection between actual damages and statutory damages.

## **SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants)

33. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertisement, distribution and/or subsequent sales of Infringing Garment A featuring Subject Design A and of Infringing Garment B featuring Subject Design B as alleged herein above.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing product.

36. By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

37. Due to Defendants' acts of contributory and/or vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized but for their infringement of Subject Design A and Subject Design B. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Subject Design A and Subject Design B, an amount to be established at trial.

38. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a

finding of willful infringement, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement. Within the time permitted by law, Plaintiff will make its selection between actual damages and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

Against All Defendants

With respect to Each Claim for Relief:

1. That Defendants, each of them, along with their agents and servants be enjoined from infringing Plaintiff's copyrights in any manner;
2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;
3. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;
4. That Plaintiff be awarded pre-judgment interest as allowed by law;
5. That Plaintiff be awarded costs of litigation; and
6. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues in this action pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the United States Constitution.

Dated: March 18, 2025

Respectfully submitted,

/s/ Jeonghye Kim
Jeonghye Kim, Esq.
Attorney for Plaintiff